## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

STEVEN SHAW                                                          PETITIONER
ADC #500760

V.                              NO. 5:14cv00192-BSM-JTR

WENDY KELLEY,[1] Director,                                      RESPONDENT
Arkansas Department of Correction


## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following Proposed Findings and Recommended Disposition ("Recommendation") have been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

───────────────

[1]Wendy Kelley became Director of the Arkansas Department of Correction on January 13, 2015, and is automatically substituted as Respondent pursuant to Fed. R. Civ. P. 25(d).

## I. Background

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, Steven Shaw ("Shaw"), challenging the revocation of his parole in April 2013. *Doc. 2*. Before addressing Shaw's habeas claims, the Court will review the procedural history of the case.

On July 15, 2003, Shaw appeared in Ashley County Circuit Court, entered a negotiated guilty plea to six felony offenses, and received an aggregate sentence of 132 months in the Arkansas Department of Correction ("ADC"). *Doc. 10-2*. On June 6, 2005, Shaw was paroled from the ADC. *Doc. 10-7, at 2*.[2]

On October 10, 2006, Shaw entered a guilty plea to five felony offenses in Ashley County Circuit Court, receiving an aggregate 96-month sentence. *Docs. 10-3, 10-4, 10-5*. On June 18, 2008, he was paroled. *Doc. 10-7, at 2*.

On September 21, 2009, Shaw entered a guilty plea to two felonies in Ashley County Circuit Court, and he was sentenced to two years in the ADC. In January 2010, he was paroled from the ADC. *Id.*

On December 1, 2010, Shaw was sent to the Department of Community Correction Technical Violator Center ("TVC") for an unspecified technical violation.

---

[2]*Doc. 10-7* is an Arkansas Department of Community Correction Violation Report dated February 13, 2013. Shaw points out several inaccuracies in the report, *Doc. 13, at 24-26,* which the Court has taken into account in reciting the procedural history.

He was subsequently released and returned to parole supervision. *Id.*

On December 7, 2011, an arrest warrant was issued because Shaw had absconded from supervision in violation of his conditions of parole.[3] He was arrested and sent to the TVC. On April 17, 2012, he was released to parole supervision. *Id.*

On July 25, 2012, an arrest warrant was issued because Shaw had absconded from supervision. On September 25, 2012, he was arrested. *Id.* After serving a four-day "jail sanction" in Miller County, Arkansas, he was transported to the city jail in Crossett, Arkansas, due to outstanding warrants. *Id.*

On November 5, 2012, Shaw was released from the jail in Crossett. At that time, he failed to report to his parole officer as he had been directed. *Id.*

On January 23, 2013, Shaw was arrested in Texas for the misdemeanor offense of evading arrest. On February 8, 2013, he was released from jail. After his release, he failed to report to his parole officer. *Id.*

On February 12, 2013, a warrant was issued to arrest Shaw for violating the conditions of his parole. *Doc. 13, at 22.* On February 13, 2013, he was charged in a

---

[3]The Arkansas Parole Board ("Parole Board") has jurisdiction over parolees. Ark. Code Ann. § 16-93-206 (Supp. 2013). Generally, a parole revocation proceeding is initiated with a violation report and the issuance of a warrant for the parolee's arrest. *See id.* § 16-93-705; Ark. Parole Bd. Policy Manual §§ 2.20, 3.2 (Rev. 2014). The parolee then appears before an administrative Parole Revocation Judge for a revocation hearing. Ark. Parole Bd. Policy Manual §§ 3.1, 3.9. The parolee may appeal the decision of the Parole Revocation Judge to the Parole Board. *Id.* § 3.10. The parolee may then, within 60 days, request reconsideration of any Parole Board decision. *Id.* § 2.21.

Violation Report with violating two conditions: (1) failing to report to his parole officer on November 5, 2012 and on February 8, 2013; and (2) committing the criminal offense of evading arrest on January 23, 2013. *Doc. 10-7, at 3.*

On April 3, 2013, Shaw and his attorney appeared for a parole revocation hearing. *Doc. 10-6.* According to the Parole Revocation Judge's decision, dated April 9, 2013, Shaw's parole officer testified that Shaw did not report to her office after his release from jail on November 5, 2012, and February 8, 2013, as required under his conditions of parole. She also stated that he had served time in jail in Texas for the offense of evading arrest. In his testimony, Shaw admitted that he did not report as required. At the end of the hearing, the Parole Revocation Judge: (1) found, by a preponderance of the evidence, that Shaw had violated the conditions of his parole supervision; (2) revoked Shaw's parole; and (3) advised him of his right to appeal. *Id.*

Shaw appealed and, on May 10, 2013, the Parole Board affirmed the decision of the Parole Revocation Judge. *Doc. 13, at 19.*[4]

On May 14, 2014, Shaw initiated this habeas action. *Doc. 2.* In his Petition, he argues that his constitutional rights were violated because: (1) he was maliciously prosecuted by his parole officer, who "invented" reasons to support her Violation Report; (2) he was denied the right to confront the author of a report on the "evading

---

[4]Shaw did not seek reconsideration from the Parole Board.

arrest" offense; (3) he was "selectively prosecuted" by being sent back to the ADC upon parole revocation, rather than to a "technical violator program"; (4) he received the ineffective assistance of counsel during his revocation hearing; (5) he was denied a fair revocation hearing; and (6) he was not allowed to have a parole hearing that previously had been scheduled for October 2013.

According to Respondent, Shaw's habeas claims are procedurally defaulted or without merit. *Doc. 10*. For the reasons discussed below, the Court recommends that the Petition be denied, and that the case be dismissed, with prejudice.[5]

## II. Discussion

Respondent argues that Shaw's habeas claims are procedurally defaulted because he did not exhaust them in state court. A federal habeas petitioner must first "fairly present" the substance of his or her federal habeas claims to the appropriate state courts. *Murphy v. King*, 652 F.3d 845, 848-49 (8th Cir. 2011) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)). Habeas petitioners procedurally default their habeas claims if: (1) they have not exhausted remedies that were available in state court; and (2) they can no longer return to state court to raise those habeas claims on a timely

---

[5]On September 23, 2014, Shaw informed the Court that he would be released from the ADC in 38 days, which he believed would moot his habeas claims that his parole was improperly revoked. *Doc. 12.* According to the ADC website, Shaw is no longer an inmate there. Although his claims appear to be moot, the Court has nonetheless addressed them in the interest of finality.

basis. *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005).

Respondent argues that Shaw should have presented his claims in circuit court by seeking review of the Parole Board's decision under the Arkansas Administrative Procedures Act ("APA"). *See* Ark. Code Ann. § 25-15-212 (2014). In pertinent part, this statute provides as follows:

> In cases of adjudication, any person, except an inmate under sentence to the custody of the Department of Correction, who considers himself or herself injured in his or her person ... by final agency action, shall be entitled to judicial review of the action under this subchapter.

*Id.* § 25-15-212(a).

Shaw argues that the APA was "unavailable" to him under the plain language of the statute, which prohibits ADC inmates from asserting claims for judicial review under the APA. However, in *Clinton v. Bonds*, 816 S.W.2d 169 (Ark. 1991), the Arkansas Supreme Court held that portion of the statute to be unconstitutional because it denied ADC inmates judicial review of federal or state constitutional claims: "we emphasize that Act 709 [codified at Ark. Code Ann. § 25-15-212(a)] unconstitutionally deprives inmates of review of *constitutional* questions because judicial review of all other administrative questions may be granted, or withheld, according to the Legislature's discretion." *Id.* at 172 (emphasis in original).

Habeas claims are, by definition, federal constitutional claims. *See* 28 U.S.C.

-6-

§ 2254(a). Thus, the Court's holding in *Clinton* means that those claims first must be fully exhausted in an APA action in state court before they can be pursued in a § 2254 habeas action in federal court.

Following the Court's decision in *Clinton*, courts in the Eastern District of Arkansas have consistently dismissed habeas claims challenging Parole Board decisions where the petitioner failed to pursue timely judicial review under the APA in state court. *See, e.g*, *Johnson v Kelley*, 2015 WL 1167184, *3 (E.D. Ark. Feb. 20, 2015), *recommendation adopted*, 2015 WL 1167166 (E.D. Ark. Mar. 13, 2015) (unpub.); *Wells v. Burl*, 2014 WL 6892177, *3 (E.D. Ark. Dec. 4, 2014) (unpub.); *Tucker v. Norris*, 2009 WL 5066761, *3 (E.D. Ark. Dec. 16, 2009) (unpub.).

The Parole Board affirmed the revocation of Shaw's parole on May 10, 2013. Under the APA, Shaw had thirty days from service of the Parole Board's final decision to file an APA action for judicial review in either Pulaski County Circuit Court or the circuit court in the county where he resided. *See* Ark. Code Ann. § 25-15-212(b)(1). Because he did not, he has procedurally defaulted the habeas claims he now seeks to pursue in this action.[6]

Nonetheless, the Court may still consider the merits of Shaw's procedurally

---

[6]In addition to challenging the parole revocation decision, Shaw also argues that he subsequently was denied a parole hearing in October 2013. Because nothing in the record indicates that Shaw has presented that claim to the Parole Board or to any state court, it also is procedurally defaulted.

defaulted habeas claims under the narrow "cause and prejudice" or "actual innocence" exceptions to procedural default. *Morgan v. Javois*, 744 F.3d 535, 538 (8th Cir. 2013), *cert. denied*, 134 S. Ct. 1882 (2014). Shaw's only argument to excuse his default is that the APA was "unavailable" to him as an ADC inmate.

As explained, *Clinton* held this provision to be unconstitutional. While the Arkansas legislature's long delay in removing the unconstitutional language from the statute, as required by *Clinton*, is difficult to understand, Shaw is still charged with knowing the law relevant to his habeas claims. *See Weeks v. Bowersox*, 106 F.3d 248, 250 (8th Cir. 1997) ("A prisoner's illiteracy and *pro se* status are not cause."). Thus, the "cause and prejudice" exception to procedural default is not applicable in this case. In addition, Shaw has not come forward with any argument or new evidence to satisfy the "actual innocence" exception to procedural default.

Finally, Shaw has filed a "Motion for Leave to Amend Complaint." *Doc. 12*. In his Motion, he seeks to add "related" claims" for monetary damages under 42 U.S.C. § 1983 regarding the alleged inadequacies in his parole revocation proceedings. The Motion should be denied. If Shaw wishes to initiate a § 1983 civil rights action, he must file a separate complaint.

## III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      The Petition for a Writ of Habeas Corpus, *Doc. 2*, be DENIED, and this habeas action be DISMISSED, WITH PREJUDICE;

2.      Shaw's Motion for Leave to Amend Complaint, *Doc. 12*, be DENIED; and

3.      A Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

DATED this 17th day of July, 2015.


_____
UNITED STATES MAGISTRATE JUDGE